## COURT OF APPEALS.

PETER M. McLAREN agt. MARTIN McMARTIN, administrator of DANIEL McMARTIN, deceased.

Where the promissory note of an intestate is barred by the statute of limitations, his administrator cannot revive it by an indorsement, so as to bind the estate for the residue of the note.

*January Term,* 1867.

ACTION upon a promissory note for $100, made by defendant's assignor, April 9, 1835, and payable in one year from date. Suit was commenced thereon 23d September, 1854, eighteen years after note matured, and seven years after the death of the maker, and the appointment of the defendant his administrator. There were two indorsements on the note in the handwriting of the payee, but no evidence that the payments had been made as indorsed. There was also an indorsement in the handwriting of the defendant, of the payment on the 3d of March, 1848, of $50, but the indorsement was not signed by the administrator. Judgment was taken for defendant in the supreme court, and appealed to this court by the plaintiff.

THIS COURT *held*, that the indorsement in the handwriting of the defendant, was a mere statement of the fact of such payment by one who had no authority in such form to bind the estate on the residue ; and that had the administrator signed the indorsement in his representative capacity, it would have proved nothing but the making of such payment ; and would not have amounted to a renewal of the note, or a promise to pay the residue thereof. That the claim being barred by statute, did not constitute a legal debt against the estate ; and the administrator could not revive it so as to bind the estate for the residue of the note.

Judgment affirmed.